# In the United States Court of Federal Claims

No. 01-443C
(Filed: May 29, 2012)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| **EAGLEHAWK CARBON, INC., et al.,** | \* | Motion to Continue Stay; |
| | \* | Indefinite Stay; Finality of |
| Plaintiffs, | \* | Judgment; Change In Law; |
| | \* | RCFC 1; RCFC 60(b). |
| v. | \* | |
| | \* | |
| **THE UNITED STATES,** | \* | |
| | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \*

John Yates Merrell, Jr., Merrell & Merrell, P.C., 1477 Chain Bridge Road, Suite 101, McLean, VA, 22101, for Plaintiffs.

Tara K. Hogan, Tony West, Jeanne E. Davidson, Todd M. Hughes, United States Department of Justice, Civil Division, Washington, D.C., 20044, and Daniel W. Kilduff, Office of the Solicitor, United States Department of the Interior, Of Counsel.

---

**MEMORANDUM OPINION AND ORDER
VACATING STAY**

---

**WILLIAMS**, Judge.

### Background

In this action, Eaglehawk Carbon, Inc. and six other coal producers seek to recover reclamation fees paid to the United States under the Surface Mining Control and Reclamation Act. The reclamation fees are assessed on a per ton basis of "coal produced" and are used to "establish a nationwide program to protect society and the environment from the adverse effects of surface coal mining operations." 30 U.S.C. §§ 1202(a), 1232.

Plaintiffs contend that the fees imposed pursuant to § 1232 are unconstitutional because the assessment of reclamation fees on coal sold abroad operates as a duty on exports, in violation of the Export Clause of the U.S. Constitution, art. I, § 9, cl. 5 (stating that "No Tax or Duty shall be laid on Articles exported from any State").

1

This matter comes before the Court on Plaintiffs' Motion to Continue Stay of Proceedings. The case has been stayed since November 2001, to allow a companion case, Consolidation Coal Company v. United States, which raised the same legal issues, to wend its way through the United States Court of Federal Claims and the United States Court of Appeals for the Federal Circuit. Ultimately, in 2010, the Federal Circuit found § 1232 to be constitutional, and the United States Supreme Court denied a petition for a writ of certiorari in 2011. Plaintiffs request that the stay be continued until a recently filed case in the District Court for the District of Columbia, Coal River Energy, LLC. v. Salazar, has run its course.[1] Plaintiffs contend § 1232 will likely be found unconstitutional under precedent in the District of Columbia Circuit, and the resulting circuit split could entice the Supreme Court to grant certiorari. Plaintiffs submit that if a stay is not granted and this Court dismisses this action based upon the Federal Circuit's decision in Consolidation Coal, Plaintiffs could never recoup the fees at issue, even if the Supreme Court were to later find § 1232 unconstitutional.

Defendant opposes another stay because the Federal Circuit has already definitively ruled on the constitutionality of § 1232 and its implementing regulations.[2] Defendant claims that the government has shown conclusively that it is entitled to the reclamation fees and that a further indefinite stay would not serve the public interest or judicial economy.

## Discussion

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. American Co., 299 U.S. 248, 254 (1936). A court has broad authority to issue a stay, both by rule and by this incidental power. Clinton v. Jones, 520 U.S. 681, 706-07 (1997); Landis 299 U.S. at 254. As the Federal Circuit has recognized, "[t]he power of a federal trial court to stay its proceedings . . . is beyond question. . . . When and how to stay proceedings is within the sound discretion of the trial court." Cherokee Nation of Okla. v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted) (citing Landis, 299 U.S. at 254-55). "[I]n deciding to stay proceedings indefinitely, a trial court must first identify a pressing need for the stay. The court must then balance interests favoring a stay against interests frustrated by the action." Id.

By delaying a final determination in this Court, Plaintiffs seek to avoid the results of adjudication consistent with the binding Federal Circuit precedent in Consolidation Coal. Plaintiffs hope to keep their cause of action live in order to take advantage of any change in the law down the road. A change in law would only have a retroactive effect on Plaintiffs' claims if

---

[1] The complete caption for the case is Coal River Energy, LLC. v. Ken Salazar, Secretary, and United States Department of the Interior, Civil No. 11-01648 (RMC) (filed Sept. 13, 2011).

[2] In Consolidation Coal Company v. United States, 528 F.3d 1344 (Fed. Cir. 2008), the Federal Circuit upheld the constitutionality of § 1232. Two years later, in Consolidation Coal Company v. United States, 615 F.3d 1378 (Fed. Cir. 2010), the Federal Circuit ruled that the implementing regulations, including 30 C.F.R. § 870.12, did not conflict with the Export Clause, and therefore were constitutional.

the case were still pending.  As the Supreme Court has explained, "[w]hen this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases <u>still open on direct review</u> and as to all events, regardless of whether such events predate or postdate our announcement of the rule." <u>Harper v. Va. Dep't of Taxation</u>, 509 U.S. 86, 97 (1993) (emphasis added); <u>see also</u> <u>Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.</u>, 344 F.3d 1359, 1370 n.4 (Fed. Cir. 2003) (recognizing that decisions of the Federal Circuit changing the law have retroactive effect as to "all pending litigation that has not been concluded with a final judgment, including appeals").

Plaintiffs argue that the continuing forfeiture of fees that may ultimately be found unconstitutional constitutes a pressing need for a stay.  At the time of the filing of their Second Amended Complaint in January 2007, Plaintiffs had paid approximately $733,500 in reclamation fees.  <u>See</u> Sec. Am. Comp. Schedules A-F.  Defendant has continued collecting reclamation fees on coal produced by Plaintiffs.  In similar cases, the Court of Federal Claims has concluded that, despite this possible forfeiture, Plaintiffs' disagreement with <u>Consolidation Coal</u> does not constitute a pressing need for an indefinite stay.  <u>Clinchfield Coal Co. v. United States</u>, 102 Fed. Cl. 592, 596-97 (2011); <u>Consolidation Coal Co. v. United States</u>, 102 Fed. Cl. 489, 494 (2011) (stating that "the need identified by plaintiffs is also not particularly pressing since the weight of the need hinges on plaintiffs' assumption that the fee is unconstitutional, even though the Federal Circuit explicitly found otherwise"); <u>Red River Coal Co. v. United States</u>, No. 01-441C, 2012 WL 285051 at *1 (Fed. Cl. Jan. 31, 2012) (unpublished).  In all three of these opinions the Court of Federal Claims rejected the proposition that a possible forfeiture of an unconstitutional tax could rise to the level of a pressing need because "[s]taying litigation in order to let plaintiffs have a second bite at the apple does not establish a compelling need."  <u>Clinchfield Coal</u>, 102 Fed. Cl. at 597 (quoting <u>Consolidation Coal Co.</u>, 102 Fed. Cl. at 494).

A balancing of the competing interests favoring and militating against a stay also compels a conclusion that the stay must be denied.  Weighing most heavily against a stay and undercutting Plaintiffs' articulated "pressing need" for a stay are the interests of creating and protecting finality in litigation.  "It is just as important that there should be a place to end as that there should be a place to begin litigation."  <u>Travelers Indem. Co. v. Bailey</u>, 557 U.S. 137, 154 (2009) (quoting <u>Stoll v. Gottlieb</u>, 305 U.S. 165, 172 (1938)); <u>see also</u> <u>Baldwin v. Iowa State Traveling Men's Ass'n</u>, 283 U.S. 522, 525 (1931).  This policy has been implemented to preclude parties from contesting matters that they have had a full and fair opportunity to litigate, to protect their adversaries from the expense and vexation of multiple lawsuits, and to conserve judicial resources.  <u>Montana v. United States</u>, 440 U.S. 147, 153-54 (1979).  Plaintiffs' strategy to keep a lawsuit in place indefinitely in order to take advantage of potential change in the law violates the longstanding policy promoting an end to litigation.  "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties."  <u>Baldwin</u>, 283 U.S. at 525.

Coal producers in the identical position as Plaintiffs have had their day in court here and before the Federal Circuit.  While the law does provide for reopening judgments in some circumstances, "[i]t is well settled that courts will not disturb final judgments unless the moving party demonstrates the existence of extraordinary circumstances."  <u>United States v. Boch</u>

Oldsmobile, Inc., 909 F.2d 657, 660 (1st Cir. 1990) (citing United States v. Swift, 286 U.S. 106, 119 (1932)); see also Metlyn Realty Corp. v. Esmark, Inc., 763 F.2d 826, 830 (7th Cir. 1985); Infiniti Info. Solutions, LLC v. United States, 93 Fed. Cl. 699, 705 n.11 (2010) (collecting cases explaining what constitutes "exceptional circumstances").  Even in the context of Rule 60(b) of the Rules of the United States Court of Federal Claims ("RCFC"), which sets forth grounds for relief from a final judgment, a change in law would not constitute such an extraordinary circumstance.[3]  Agostini v. Felton, 521 U.S. 203, 239 (1997) ("intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)").  The Sixth Circuit, citing Agostini, has noted that "[t]his principle holds even if a law is invalidated on state or federal constitutional grounds."  Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001).  See also Broyhill Furniture Indus. v. Craftmaster Furniture Corp., 12 F.3d 1080, 1084 (Fed. Cir. 1993) (stating that a judgment is not void within the meaning of Rule 60(b)(4) "because the precedent upon which it was based is later altered or even overruled") (citing Boch Oldsmobile, 909 F.2d at 661); Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 650 (1st Cir. 1972) (stating that "a change in applicable law does not provide sufficient basis for relief under Rule 60(b)(5)); Infiniti Info. Solutions, 93 Fed. Cl. at 706 n.11 (noting that "courts have not granted relief when there have been post-judgment changes in the law") (citing United States ex rel. Garibaldi v. Orleans Parish Sch. Bd., 397 F.3d 334, 337-40 (5th Cir. 2005)).

Plaintiffs filed this action 11 years ago, and the Court is tasked by its own rules with ensuring a "just, speedy, and inexpensive determination of every action and proceeding."  RCFC 1.  A continued stay would frustrate this rule by prolonging indefinitely a litigation which is ripe for resolution.

**Conclusion**

Plaintiffs' request for a continuation of a stay is **DENIED**.  The stay is vacated.  On or before **June 8, 2012**, the parties shall file a joint schedule for further proceedings.

                                             s/Mary Ellen Coster Williams
                                             **MARY ELLEN COSTER WILLIAMS**
                                             **Judge**

---

[3] RCFC Rule 60(b) is identical to Federal Rule of Civil Procedure 60(b).